FILED
2005 Sep-23 PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SLOSS INDUSTRIES CORPORATION, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 05-AR-0459-S |
| | } | |
| EURISOL, et al., | } | |
| | } | |
| Defendants. | } | |
| | } | |

**MEMORANDUM OPINION**

The motion filed by defendants, Eurisol ("Eurisol") and Jean Claude Ferrarin ("Ferrarin"), on July 26, 2005, for relief from the judgment entered on June 23, 2005, has been thoroughly briefed and was orally argued at this court's regular motion docket on September 16, 2005. The motion is based on defendants' alternative contentions invoking Rule 60(b)(1) and Rule 60(b)(4), F.R.Civ.P. First, defendants contend that the court lacked long-arm jurisdiction over defendants. Second, defendants contend that there was excusable neglect when they allowed the entry of default that resulted in a jury trial and verdict of $324,551.82 against them. Defendants concede that there were no technical defects in the service of process upon them in France under the provisions of the Hague Convention.

Not only were defendants properly served with a summons and complaint that expressly required them to respond "within 20 days after service of this summons upon you", but that warned them in

bold letters: **"IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT"**. After defendants failed to respond, plaintiff, Sloss Industries Corporation ("Sloss"), gilded the lily by redundantly serving defendants a copy of its application for entry of default. All of this resulted in stoney silence from defendants until they filed the motion now under consideration.

Addressing first the excusable neglect argument that depends upon Rule 60(b)(4), the court can understand why defendants might rely upon their French lawyer, but any lawyer, of whatever nationality and level of expertise, should, in the exercise of ordinary diligence, either comprehend the clear language in a formal court document or, if it is written in a language foreign to him, should obtain a translation and react appropriately. The mere fact that French procedural law may be more relaxed than the procedural law of the United States does not excuse these defendants from the requirement that they timely respond. Furthermore, it is impossible for this court to believe that defendants' task of obtaining a lawyer in Alabama was as formidable and daunting as they describe in their motion. There are literally thousands of Alabama lawyers who could have competently represented these defendants, and who would have jumped at the chance to do so.

The more difficult question is presented by defendants under Rule 60(b)(1). It is their contention that the court lacked

personal jurisdiction over defendants because Eurisol was nothing more than a non-resident purchaser of Alabama made goods and did not have the minimum contacts with this forum upon which an application of the guarantee of "due process" would allow defendants to be hailed into the court where this seller is located.  It is, of course, true, as the Supreme Court said in *Asahi Industries Co., Ltd. v. Superior Court of California,* 480 U.S. 102 (1987), that there are "[u]nique burdens placed upon one who must defend oneself in a foreign legal system".  This admonition could just as easily have been expressed in favor of a plaintiff in cases like this one, where, if the unpaid Alabama seller is required to sue in France, as defendants here insist, a "unique burden would be placed upon the foreign plaintiff".  If this judgment is set aside, plaintiff will not only have the additional costs and uncertainty associated with suing in a foreign country, but plaintiff will have already incurred the considerable cost of obtaining the judgment being set aside.

The question, then, boils down to whether minimum contacts existed in this case.  It is well understood that the long-arm jurisdiction of an Alabama court extends as far as "due process" will allow.  In this case, defendant, Eurisol, acting through its agent, defendant, Ferrarin, initiated contact with plaintiff, physically came to Alabama, visited with plaintiff in plaintiff's manufacturing plant, examined and discussed the production of the

3

product to be manufactured by plaintiff, including specifications, and even discussed the possibility of an exclusivity agreement between the parties. Not only was this physical presence in Alabama by the non-resident purchaser a significant feature, distinguishing this case from a "mere purchaser" case, but this particular purchaser even had shipping containers actually delivered to plaintiff-seller in Alabama. Some, if not all, of the product was shipped to the purchaser in France in those containers furnished by the purchaser. These contacts with Alabama, although minimal, were sufficient to trigger the long-arm jurisdiction of this court over defendants.

For these reasons, defendants' motion for relief from judgment will be denied by separate order.

DONE this 23nd day of September, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE